IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELO LENELL DAVIS ) | |
| ) | Civil Action No. 14-1551 |
| Plaintiff, ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| v. ) | |
| ) | |
| PENNSYLVANIA DEPARTMENT ) | |
| OF CORRECTIONS, SCI Greene County, ) | |
| LOUIS FOLINO, Superintendent, ) | ECF No. 29 |
| MICHAEL GUYTON and SUSAN ) | |
| COWAN, Block Unit Managers, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

### I. Summary

Presently before the Court is the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants the Pennsylvania Department of Corrections, SCI-Greene, Susan Cowan, Louis Folino and Michael Guyton (hereafter the "Motion to Dismiss") (ECF No. 29). For the reasons set forth below, the Motion will be granted for failure to state a claim. At bottom, Plaintiff cannot maintain before this Court claims otherwise barred by *res judicata* and/or collateral estoppel by re-characterizing them (on amendment) as claims based on allegations of illegal confinement and relatedly unconstitutional conduct for want of possession or production of a Sentencing Order in violation of Pa C.S. Section 9764. In addition, Plaintiff cannot obtain relief from a Defendant that is immune from suit.

**II. Factual & Procedural History**

Plaintiff, Angelo Lenell Davis ("Plaintiff"), a current inmate at SCI-Camp Hill, proceeding *pro se*, filed this civil rights action on December 17, 2014 by a Complaint pursuant to 42 U.S.C. § 1983 alleging First, Fifth,[1] Eighth and Fourteenth Amendment violations on the basis of, *e.g.*, restrictive housing and custody levels, denial of an incentive-based transfer, denial of an outside work clearance ("R Code"), and parole denial – occurring at SCI-Greene. Plaintiff also asserted relation of these constitutional violations to a "fraudulent forged misconduct" charge, and alleged they were in "discrimination and retaliation" for Plaintiff's filing of grievances and, in 2011, a federal civil rights action. (ECF No. 3).[2] Named as Defendants were the Pennsylvania Department of Corrections, SCI-Greene ("the DOC"), Louis Folino, Superintendent of that facility; Michael Guyton, the B-Block Manager and Susan Cowan, the C-Block Manager at SCI-Greene (collectively "the Individual Defendants").

In their August 6, 2015 Brief in Support of Motion to Dismiss (ECF No. 19), Defendants noted that the alleged retaliatory acts complained of, *i.e.*, non-return to C-Block housing (following the relocation of dozens of prisoners to make room for new inmates in 2008), parole denial (in 2010), R Code denial (attributed by Plaintiff to parole denial which resulted from 2010

---

[1] Plaintiff's Complaint makes reference to violation of his rights without elucidation as to particular claims. The Fifth Amendment requires a Grand Jury indictment for capital crimes (with limited exception); prohibits double jeopardy and compulsory criminal self-incrimination; requires due process protection of life, liberty and property; and requires just compensation for a public-use taking. *See generally Livingston v. Borough of Edgewood* ,2008 WL 5101478 * 3 (W.D. Pa. 2008). The only provision that could possibly be related is the right of due process; however, a due process claim under the Fifth Amendment is only applicable in claims against the Federal government. *Id.* Actions against a state and its agents are to be considered under the Fourteenth Amendment. *Kelly v. Borough of Saraville*, 107 F.3d 1073, 1076 (3d Cir.1997); *See also Kline v. City of Sunbury*, 2007 WL 3231959 * 2 (M.D.Pa. 2007). Because Plaintiffs' allegations are against only State actors, any claim under the Fifth Amendment is inapplicable.

[2] Plaintiff's 2011 civil rights action against the DOC, SCI-Greene and the same individual Defendants was filed in this Court at CA No. 11-1506. The Complaint was served in February, 2012. *See* discussion, *infra.*

misconduct), and transfer denial (from 2009 until the DOC deemed him eligible, by virtue of expiration of misconduct disqualifier(s), and he was transferred in Spring 2013) – all related to allegedly falsified misconduct charge/false reports to the parole board- were the same as those litigated by Plaintiff before this Court in CA No.11-1506. By Memorandum Opinion of August, 2014, this Court had granted Defendants' Motion for Summary Judgment and dismissed case 11-1506, expressly rejecting Plaintiff's allegation that actions/circumstances complained of were due to retaliation or false reports by Cowan or Guyton, and finding that the misconduct charge had a factual basis. See CA No. 11-1506, ECF No. 122, at 6, 9-16. Plaintiff's appeal to the Third Circuit is pending. Defendants' first Motion to Dismiss therefore asserted that the doctrines of *res judicata* and/or collateral estoppel precluded Plaintiff's relitigation of those issues and claims. (ECF No. 19 at 2, 6) (citing *Riley v. DeCarlo*, 532 Fed. Appx. 23, 26-27 (3d Cir. 2013) (*res judicata* bars a plaintiff who has received a final judgment on the merits in one action from litigating another suit against the same parties based on the same cause of action); *Iseley v. Talaber*, 232 Fed. Appx. 120, 123 (3d Cir. 2007) (policy behind the doctrine of collateral estoppel is that "a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise")

By Order of August 19, 2015 (ECF No. 22), the Court granted Plaintiff's Motion for Leave to file an Amended Complaint (ECF No. 21) and, relatedly, Defendants' initial Motion to Dismiss was denied as moot by the Court's Order of October 14, 2015 (ECF No. 28).

Plaintiff's October 14, 2017 Amended Complaint (ECF No. 27) significantly altered Plaintiff's theory of his causes of action. Plaintiff now maintains – primarily and throughout all other assertions of his Amended Complaint - that his incarceration and the actions taken by the

Defendants during his incarceration have been illegal (and conduct preceding and during his prior litigation was fraudulent and perjured) because the DOC does not have possession of the Judge's Sentencing Order issued by the Dauphin County Court of Common Pleas. *See* Amended Complaint ([ECF No. 27 at 1](#) *et seq.*). At bottom, the Amended Complaint points to the Defendants' non-production of the Sentencing Order in Plaintiff's prior litigation at case 11-1506 as grounds for purported First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendment violation claims[3] based on (a) allegations and objections regarding discovery in case 11-1506; (b) allegations and objections regarding parole non-recommendations; (c) allegations of Defendants' violations of criminal statutes; (d) allegations that Plaintiff's 2013 transfer to SCI-Camp Hill was retaliatory and intended to disrupt discovery in/the course of his prior federal litigation;[4] and (e) allegations regarding the level of security of the particular cell block in which he was placed following transfer to SCI-Camp Hill in Spring, 2013. *See generally* ECF N0. 27.

Defendants' currently pending Motion to Dismiss the Amended Complaint ([ECF No. 29](#)) and the Brief in Support ([ECF No. 30](#)) assert in response that (a) to the extent Plaintiff attempts to premise prior allegations/objections on a new claim of illegal confinement, such claims are not within an action under Section 1983 but must be brought as matters of *habeas corpus* in State Court; (b) the doctrines of *res judicata* and/or collateral estoppel continue to bar Plaintiff's objections related to discovery, and adjudication of his allegations regarding parole and related decisions, in Case 11-1506; (c) Plaintiff is without standing to sue any Defendant for violation of the cited Pennsylvania criminal statutes; (d) Plaintiff's prior federal litigation alleged a

---

[3] *See* [ECF No. 27 at 2](#) (further asserting that "the DOC prison officials continued to make Plaintiff subject to their retaliatory acts . . . when they have never had any legal legitimate documentation to justify Plaintiff's incarceration").

[4] *Compare supra* at 2-3 (noting that Plaintiff's initial Complaint alleged that *denial* of his requested transfer was retaliatory).

retaliatory *denial* of his *requests* for transfer and was adjudicated in Defendant's favor, thus Plaintiff's allegation that Defendants' grant of his transfer request when determined to be eligible (*i.e.*, in Spring 2013, during the course of Case 11-1506) was retaliatory is facially contradictory and not credible; and (e) claims against the DOC, SCI-Greene and the Individual Defendants in their official capacities are barred by the Eleventh Amendment.

### III. Applicable Standards

The United States Court of Appeals for the Third Circuit has summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

When adjudicating a motion to dismiss under Rule 12(b)(6), courts may consider - in addition to the complaint - matters of public record and other matters of which a court may properly take judicial notice, such as court orders and exhibits attached to the complaint. *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d,* § 1357; *Chester County*

5

*Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir. 1990)). A court may also consider indisputably authentic documents. *Spruill v. Gillis,* 372 F.3d 218, 223 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993); *Golden v. Cook,* 293 F. Supp.2d 546, 551 (W.D. Pa. 2003) ("[C]ourts are permitted to consider matters of which they may take judicial notice, including records and reports of administrative bodies, and publically available records and transcripts from judicial proceedings 'in related or underlying cases which have a direct relation to the matters at issue.'") (citations omitted).

Finally, the Court must liberally construe the factual allegations of Plaintiff's Amended Complaint because pleadings filed by pro se plaintiffs are held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). If the Court "can reasonably read [the] pleadings to state a valid claim on which [Plaintiff] could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or [Plaintiff's] unfamiliarity with pleading requirements." *Wilberger v. Ziegler*, No. 08-54, 2009 WL 734728 at *3 (W.D. Pa. March 19, 2009) (citing *Boag v. MacDougall,* 454 U.S. 364 (1982) (*per curiam*)).

## IV. Analysis

### A. **Section 1983**

Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to

6

> the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim for relief under this provision in Federal Court, a plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state law and that such conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

As noted, *supra*, Plaintiff now challenges his confinement, *i.e.* the validity of the Defendants' execution of his sentence, for want of the Sentencing Order. This he simply cannot do. *See*, *e.g.*, *Jackson v. Sec'y Pennsylvania Dep't of Corr.*, 598 Fed.Appx. 815, 816 (3d Cir. 2015) (affirming *sua sponte* dismissal, with prejudice and without leave to amend, under PLRA for failure to state a claim where prisoner alleged § 1983 violations on basis of absence of sentencing orders); *id.* (noting that plaintiff did not dispute he was properly sentenced and concluding alleged absence of sentencing orders did not state a claim to relief plausible on its face).[5] *See also Joseph v. Glunt,* 96 A.3d 365, 372 (Pa.Super.Ct. 2014) (finding that state prisoner failed to state claim where "the trial court correctly concluded that, even in the absence of a written sentencing order, the [Department of Corrections] had continuing authority to detain [Petitioner].");[6] *Travis v. Giroux,* No. 489 C.D.2013, 2013 WL 6710773 (Pa.Cmwlth. Dec. 18,

---

[5] In *Jackson*, the District Court concluded that plaintiff's claims were barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), the applicable statute of limitations, and immunity.

[6] The Pennsylvania Superior Court regarded the plaintiff's claim that his sentence was illegal due to the inability of the DOC to "produce a written sentencing order related to [his] judgment of sentence" as a claim legitimately sounding in *habeas corpus* rather than "under the PCRA,

7

2013) (holding that Section 9764(a)(8) does not provide cause of action for prisoners where appellant challenged DOC's authority to hold him in custody for want of written sentencing order)); *Whitaker v. Mooney*, CIV.A. 14-2321, 2015 WL 4713648, at *9-11 (E.D. Pa. Aug. 7, 2015) (finding claims that petitioner was in custody in violation of his rights for want of signed sentencing order without merit as statute does not create any remedy or cause of action for a prisoner, and lack of a sentencing order implicates no 14th Amendment due process or other constitutional rights) (citing *Mundy v. Kerestes,* No. 13–6081, 2013 WL 5781108, at *1 (E.D.Pa. Oct.24, 2013) (finding no legal basis for petitioner's claim that his incarceration was unconstitutional because the DOC lacked a signed copy of the sentencing order and noting plaintiff did "not dispute that he was convicted and sentenced to the period of incarceration that he has been serving")); *Gibson v. Wenerowicz,* No. 11–7751, 2013 WL 3463575, at *3 n. 6 (E.D. Pa. Mar.5, 2013), *report and recommendation adopted as modified by,* 2013 WL 3476130 (E.D. Pa. July 10, 2013) ("Even assuming that Petitioner was [incarcerated] without a copy of the signed sentencing order, Petitioner's confinement under such circumstances does not violate the Constitution.").

---

which typically governs collateral claims implicating the legality of sentence." *See id*. at 368-69 (citing *Brown v. Penna. Dept. of Corr.,* 81 A.3d 814, 815 (2013) (*per curium* ) (citing *Commonwealth ex rel. Bryant v. Hendrick,* 280 A.2d 110, 112 (1971); *Warren v. DOC,* 616 A.2d 140, 142 (1992)). *See also* Defendants' Brief in Support at 6-7 (asserting that Plaintiff's claims now sound in *habeas*). *Cf. Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir.2005) (quoting *Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir.2001)) (holding that 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging . . . the execution of his sentence."; *id.* at 243 (defining "execution" to mean the validity of "put[ting] into effect" or "carry[ing] out"" the sentence) (quoting *Webster's Third New Int'l Dictionary* 794 (1993)).

The Court notes that if Plaintiff's claims were considered under *habeas*, as an alternative to Section 1983, the applicable provisions of the federal *habeas corpus* statute at 28 U.S.C. § 2254(b) would require that he exhaust available state court remedies before seeking federal relief.

As noted by the Pennsylvania Superior Court, it is clear that section 9764 "pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, . . . the procedures and prerogatives associated with the transfer of an inmate from county to state detention" and "[n]one of the provisions . . . indicate an affirmative obligation . . . to maintain and produce the documents enumerated . . . upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within." *Joseph v. Glunt*, 96 A.3d 365, 371 (Pa. Super. Ct. 2014).[7]

Accordingly, Plaintiff's newly-characterized claims challenging the validity of Defendants' execution of his sentence as illegal confinement, for want of possession or production of a Sentencing Order and in violation of 42 Pa. C.S.A. § 9764 - and thus alleging the related illegal conduct by Defendants which underlies the various counts of his Amended Complaint[8] - cannot be maintained before this Court.[9]

---

[7] *See also id.* at 372 ("[Petitioner] has cited no apposite legal authorities demonstrating that the undisputed record of his judgment of sentence maintained by the sentencing court constitutes insufficient authority for his continuing detention" and "courts confronting this issue in the past have deemed a record of the valid imposition of a sentence as sufficient authority to maintain a prisoner's detention notwithstanding the absence of a written sentencing order under 42 Pa.C.S. § 9764(a)(8)").

[8] *See* ECF No. 27 at 4 ("Here Plaintiff claims that all [Pennsylvania statutory] criminal violations listed above are all associated with his unlawful illegal confinement as well as the Constitutional violations listed on [page] 2 based on the fact that Plaintiff requested for [*sic*] the sentencing order in discovery [in the 2011 litigation] and [the Defendants] could not produce it . . . .")

[9] The Court also concurs with Defendants' briefing regarding the continuing *res judicata* and collateral estoppel bars to Plaintiff's attempts to re-litigate claims (*e.g.*, discovery complaints and complaints regarding parole, work-release and transfer determinations) from the 2011 action decided on summary judgment in Defendants' favor and currently pending on appeal.

In addition, with regard to Plaintiff's reversed position on his 2013 transfer to and block placement in SCI-Camp Hill (*i.e.*, that although his Complaint alleges denial of requests for transfer were retaliatory, his Amended Complaint alleges transfer to his home region when deemed eligible was retaliatory), the Court concurs with Defendant's observation of facial inconsistency. Moreover, the Court notes that "[i]t is well settled that the decision where to

## B. Eleventh Amendment Immunity

As correctly noted by Defendants, the Eleventh Amendment[10] bars suits against a state in federal court by private parties. *Laskari v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Pugh*, 438 U.S. at 781)). Eleventh Amendment immunity protects entities created by state governments that operate as alter egos or arms of the State. *See Lake Country Estates v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 402 (1979). The United States Supreme Court has held that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." *Pugh*, 438 U.S. at 782. The Commonwealth of Pennsylvania has specifically reserved its right to immunity from suit in federal court pursuant to the Eleventh Amendment. 42 Pa. Cons. Stat. § 8521(b)

---

house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002). And an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level, security classification, or place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Rather, the custody placement or classification of state prisoners is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than the federal courts." *Meachum*, 427 U.S. at 225. In addition to the bases of his reliance on Section 9764, and his *res judicata* and collateral estoppel bars (*see* ECF No. 27 at 8-10), Plaintiff has no cause of action against these Defendants on this claim for these additional reasons.

[10] The Eleventh Amendment of the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State.

U.S. CONST. amend. XI.

("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.") Moreover, the United States Supreme Court has held that § 1983 does not override a State's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 342 (1979).

In addition, the DOC, as an agency of the State, and individuals sued in their official capacities, are not "persons" for purposes § 1983 and therefore may not be sued under the civil rights statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

As the Eleventh Amendment requires the dismissal of claims against both DOC/SCI-Greene and against the individual DOC Defendants in their official capacities, it provides another alternative and additional grounds for dismissal of this action.

### C. **Futility of Further Leave to Amend**

The Court notes that "[w]hen a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview Hosp.*, 293 F.3d 103,108 (3d Cir. 2002). Here, any attempt by Plaintiff to further amend would be futile based on the factual allegations he has already stated, and as a matter of law. *See Mundy v. Kerestes*, 2013 WL 5781108, at *2 (E.D. Pa. Oct. 24, 2013) (holding in analogous case that "[a]lthough a district court should generally provide a pro se plaintiff with leave to amend, . . ., amendment would be futile here because plaintiff cannot cure the deficiencies in his complaint").

11

For the above reasons, the Court will grant the Defendants' Motion to Dismiss ([ECF No. 29](#)) for failure to state a claim, and because Plaintiff seeks relief from a defendant that is immune from suit.

An appropriate order will follow.

Dated: April 26, 2016

BY THE COURT

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc: Angelo Lenell Davis
GY7304
SCI Camp Hill
P.O. Box 200
Camp Hill, PA 17001-0200

All counsel of record
Via electronic filing